UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANE DOE,** *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>**MIKE POMPEO,** *et al.*,<br><br>    Defendants. | Case No. 1:20-cv-00065 (TNM) |

## MEMORANDUM AND ORDER

Jane Doe and her children, trying to escape her abusive husband in Iran, seek documents that would enable them to travel to a U.S. port of entry. They cite the Due Process Clause of the Constitution as the basis for these requests. As one-time Green Card holders, they claim to have a right to due process before the Government can deny them admission. Two months ago, the Court entered judgment for the Government, concluding that Doe and her children do not have this right. Doe moves for reconsideration, arguing that the Court made a clear error of law. In short, she takes a second shot at arguments that the Court has already considered at length and rejected. The Court remains sympathetic to the hardship that Doe faces but unconvinced by her legal argument. The Court will deny Doe's motion.

**I.**

The Court's previous opinion describes the full background of this case. *Doe v. Pompeo*, --- F. Supp. 3d ---, ---, 2020 WL 1556251, at *1–4 (D.D.C. Apr. 1, 2020). In brief, Doe and her children received their Green Cards in 2013, *see* Mot. for Prelim. Inj. Ex. A, ECF No. 6-2, but as a practical matter they were never permanent residents. They lived in the United States sporadically until 2015 and have not been here since. Mot. for Prelim. Inj. Ex. B ¶¶ 29–32, 37–

38, ECF No. 6-3.  They now seek to return five years later, and they claim that the Constitution guarantees them a right to due process in seeking admission.  Compl. at 6,[1] ECF No. 1.

As matters stand, they have no documents that would allow them to travel here, because Doe's husband hid their Green Cards.  *Id.* ¶¶ 3–4, 32, 35–36.  In their view, the Due Process Clause compels the Government to give them substitute travel documents without requiring them to go through the normal channels, such as applying for SB-1 returning resident visas.  *Id.* ¶¶ 42–43, 46.  The SB-1 application procedures, they allege, violate due process.  *Id.*

Doe moved for a preliminary injunction, and the Court advanced the action to a final merits determination under Federal Rule of Civil Procedure 65(a)(2).  *Doe*, 2020 WL 1556251, at *4.  Treating the parties' briefs as cross-motions for summary judgment, the Court entered judgment for the Government.  *Id.* at *18.

The parties' arguments on Article III standing, ripeness, exhaustion, and the merits revolved around *Rafeedie v. Immigration & Naturalization Service*, 880 F.2d 506 (D.C. Cir. 1989).  *Doe*, 2020 WL 1556251, at *5.  After providing a detailed overview of that case, the Court decided that Doe had standing to press her due process claim, that her claim was ripe, and that it would excuse her failure to exhaust administrative remedies.  *Id.* at *5–11.  On the merits, though, *Rafeedie* compelled judgment for the Government.  *Id.* at *14.

Doe now moves for reconsideration of this merits ruling, claiming that the Court misread *Rafeedie*.  This motion is ripe for disposition.

## II.

Doe's motion invokes Federal Rule of Civil Procedure 59(a)(2), Pls.' Mot. at 1, ECF No. 22, which states that "[a]fter a nonjury trial, the court may . . . direct the entry of a new

---

[1] All page citations refer to the page numbers that the CM/ECF system generates.

judgment." Fed. R. Civ. P. 59(a)(2).  Because the Court never held a bench trial but simply ruled on cross-motions for summary judgment, the relevant provision is instead Rule 59(e), which permits a Court to alter or amend a judgment.  *See, e.g.*, *Am. Bar Ass'n v. U.S. Dep't of Educ.*, 388 F. Supp. 3d 23, 24, 26 (D.D.C. 2019).  Doe disputes neither that Rule 59(e) governs nor the Government's observation that the standards under Rules 59(a)(2) and 59(e) are essentially the same.  *See* Defs.' Opp'n at 2–4, ECF No. 25; Pls.' Reply at 1, ECF No. 26.

Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).  A motion under this rule "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (cleaned up).

Doe's motion relies not on any intervening change of controlling law, new evidence, or manifest injustice.  She argues only that the Court made a clear error of law:  misreading *Rafeedie*.  Pls.' Mem. at 6, ECF No. 22-1.[2]  The clear error standard for Rule 59(e) is "very exacting."  *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 422 (D.D.C. 2005) (quoting *Hopwood v. Texas*, 236 F.3d 256, 272 (5th Cir. 2000)).  The Court must have "a clear conviction of error before finding that a final judgment was predicated on clear error."  *Id.* (cleaned up).  A decision must be "more than just maybe or probably wrong"—it must be "dead wrong."  *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

---

[2]  Relying on case law for Rule 59(a)(2), Doe first uses the phrase "manifest error of law" instead of "clear error of law."  Pls.' Mem. at 6 (citing *Ashraf-Hassan v. Embassy of Fr.*, 185 F. Supp. 3d 94, 112 (D.D.C. 2016)).  But she ultimately does not dispute that "manifest error of law" and "clear error of law" have the same meaning.  *See* Defs.' Opp'n at 4; Pls.' Reply at 1, 3.

### III.

*Rafeedie* took center stage in the parties' original briefing, at two hearings, and in the Court's memorandum opinion. Doe's entire case relies on the premise that she and her children have a right to due process before the Government can deny them admission. *Doe*, 2020 WL 1556251, at *13. But the Court held that under *Rafeedie*, they do not have this due process right because they have been outside the country for too long. *Id.* at *14. Nothing in Doe's motion or reply leaves the Court second-guessing this. The Court was not wrong—much less dead wrong—in rejecting Doe's due process claim. Indeed, *Rafeedie* compels this result.

Doe's analysis of *Rafeedie* starts well enough but then quickly veers off track. She quotes its statement—which the Court quoted too—that "a permanent resident alien . . . in general . . . has a liberty interest in being permitted to reenter this country and is therefore entitled to due process before he can be denied admission." Pls.' Mem. at 7 (quoting 880 F.2d at 520); *see Doe*, 2020 WL 1556251, at *6. All agree on this starting point. Defs.' Opp'n at 9.

But then Doe erroneously claims that a one-time Green Card holder retains this due process right so long as she has not "abandoned" her permanent resident status under 8 U.S.C. § 1101(a)(20). *See* Pls.' Mem. at 8, 14 (citing *United States v. Yakou*, 428 F.3d 241, 248 (D.C. Cir. 2005)). The question whether a Green Card holder has abandoned permanent resident status under § 1101(a)(20) often arises in deportation proceedings, when the Government seeks to remove an alien on that basis. *See Yakou*, 428 F.3d at 248–50. These removal cases suggest that abandonment under § 1101(a)(20) turns at least in part on intent. *See, e.g.*, *Hana v. Gonzales*, 400 F.3d 472, 474–75 (6th Cir. 2005). Doe says she would have returned to the United States if not for her abusive husband. Pls.' Mem. at 16–17. So, in her view, she never abandoned her permanent resident status and thus retains the due process right that *Rafeedie* identified. *Id.*

4

Doe's argument conflates permanent resident status for purposes of due process and permanent resident status for purposes of § 1101(a)(20). *Rafeedie* was about the former, said nothing about § 1101(a)(20), and rejected the relevance of intent. *See Doe*, 2020 WL 1556251, at *13–15. It held that if an alien "has been absent from this country for such a period that he may be deemed to have abandoned his permanent resident status here," then the Government may treat him "as if he were an initial entrant for due process purposes." 880 F.2d at 522–23. And an "initial entrant" has no right to due process when seeking admission. *Id.* at 520.

Lest there be any doubt, *Rafeedie* declared that "the length of the alien's absence is the determining factor" and "the only relevant question" for "the due process inquiry." *Id.* at 522. How long is too long? At least 19 months. *See id.* at 520 (citing *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 214 (1953)). Doe and her children have been absent from the country since 2015—far more than 19 months—so they do not have the due process right that *Rafeedie* identified. *Doe*, 2020 WL 1556251, at *14.

But, Doe insists, any suggestion in *Rafeedie* that length of absence is the only relevant factor was mere *dicta*. Pls.' Mem. at 13–14. Not so, because this premise was necessary to its decision. *See Doe*, 2020 WL 1556251, at *14. The Government argued in *Rafeedie* that the alien forfeited his due process right by leaving the country to engage in "nefarious" activities. 880 F.2d at 520. The court found that any nefarious intent was irrelevant because the length of absence was the only relevant factor. *Id.* at 522.

Doe also contends that cases like *Hana* "supersede" any suggestion in *Rafeedie* that length of absence is the only relevant factor. Pls.' Mem. at 13–16. But as noted above and in the Court's original opinion, those decisions concern "abandonment" of permanent resident status under 8 U.S.C. § 1101(a)(20), in the context of removal proceedings. *Doe*, 2020 WL 1556251,

5

at *14–15.  They do not address the question at issue in *Rafeedie*:  loss of permanent resident status for due process purposes.[3]

One final point bears mentioning:  The Court's ruling follows not only from *Rafeedie* but also from the Supreme Court precedent on which *Rafeedie* relied.  According to the Supreme Court, its *Mezei* decision "rejected the argument of an alien who had left the country for some 20 months that he was entitled to due process in assessing his right to admission on his return." *Landon v. Plasencia*, 459 U.S. 21, 33–34 (1982).  Doe and her children have been out of the country for far more than 20 months; they have no right to due process when seeking admission.[4]

## IV.

Doe and her children face distressing circumstances.  But their relief lies with the Executive, not the Judiciary.  *Doe*, 2020 WL 1556251, at *18.  Having carefully considered Doe's contrary reading of *Rafeedie*, the Court finds that it made no error—let alone clear error—in rejecting her interpretation of that decision and her due process claim.

For these reasons, it is hereby

---

[3]  Relatedly, Doe relies on the same decisions in arguing—once again—that the Government must prove "abandonment" of permanent resident status by "clear, unequivocal, and convincing evidence."  Pls.' Mem. at 17–19 (citing, *e.g.*, *Matadin v. Mukasey*, 546 F.3d 85, 91 (2d Cir. 2008)).  But because those cases discuss only what evidentiary standard applies in removal proceedings, they do not speak to what standard applies in civil actions.  *Doe*, 2020 WL 1556251, at *16.  More, the only relevant "evidence" for the due process inquiry is length of absence, and the length of Doe's absence (five years) is undisputed.  *Id.* at *14, *16.

[4]  Even if Doe and her children *do* have the due process right that *Rafeedie* identified, it is still far from clear that they would be entitled to bypass the SB-1 application process altogether. *Doe*, 2020 WL 1556251, at *12–13; *see, e.g.*, *Plasencia*, 459 U.S. at 34–35 ("The role of the judiciary is limited to determining whether the procedures meet the essential standard of fairness under the Due Process Clause and does not extend to imposing procedures that merely displace congressional choices of policy.").

**ORDERED** that Plaintiffs' [22] Motion to Alter or Amend the Judgment is DENIED.

    **SO ORDERED**.

Dated: June 9, 2020                        TREVOR N. McFADDEN, U.S.D.J.